UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:96-cr-83-T-23TBM
8:02-cv-2394-T-23TBM

VERNIE EUGENE THRIFT
_____________________________________/

**O R D E R**

Thrift was convicted by a jury of possession of a firearm by a convicted felon and possession of a silencer without a serial number, for which offenses he was sentenced to serve a total of 290 months. The convictions and sentences were affirmed on direct appeal in a twenty-two page opinion (Doc. 144). Thrift challenges the validity of his convictions in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 150). The United States admits that the motion is timely. Response at 5 (Doc. 154). Having considered the motion, response (Doc. 154), and traverse (Doc. 157), this court concludes that the motion should be denied.

Thrift alleges that he was denied his Sixth Amendment right to the effective assistance of counsel (Ground One) and his Fifth Amendment right to due process and equal protection of the laws (Ground Two). The latter claim challenges the sufficiency of the evidence to prove that the silencer traveled in interstate commerce. This is a claim that Thrift could have and should have raised on direct appeal. Claims that could have been raised on direct appeal but which were not raised are procedurally defaulted and not reviewable on the merits absent a showing of cause and actual prejudice or a fundamental miscarriage of justice. *United States v. Frady,* 456 U.S. 152, 166 (1982);

*Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). Thrift has not made any showing of cause and prejudice or a fundamental miscarriage of justice. Consequently, Ground Two is not reviewable in this post-conviction proceeding.

In Ground One, Thrift identifies three instances he contends show that he was denied the effective assistance of trial counsel and one instance of ineffective assistance of appellate counsel. The grounds will be addressed seriatim.

Proving ineffective assistance of counsel is difficult. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) *(quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to demonstrate ineffective assistance of counsel, Thrift must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discussed ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

The Eleventh Circuit further stated that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Sims*, 155 F.3d at 1305. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Moreover, simply proving that counsel made some error is insufficient to meet the burden established in *Strickland*.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992). *See also, Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).

<u>Ground One (A)</u>:

Thrift alleges that trial counsel was ineffective for not challenging the validity of the indictment because the record fails to show that the indictment was returned in open court. Thrift is correct that the area on the indictment is blank where it should be noted that the indictment was returned in open court, but he fails to present any evidence to show that the omission is anything more than a clerical error. As discussed above, Thrift must prove that counsel's performance was both deficient and prejudicial. Even if one assumes that counsel's failure to object was deficient performance, Thrift has not shown that counsel's performance was prejudicial. Moreover, the failure to return an indictment in open court is subject to harmless error analysis. *United States v. Lennick*, 18 F.3d 814, 817-18 (9th Cir.), *cert. denied* 513 U.S. 856 (1994). Nothing in the record indicates that the indictment in this case was processed contrary to the usual practice of returning indictments in open court. Consequently, Thrift has not met his burden of proving ineffective assistance of counsel.

Ground One (B):

Thrift received an enhanced sentence based on the Armed Career Criminal Act ("ACCA"). He alleges that trial counsel was ineffective for failing to challenge the validity of the indictment because two of the prior convictions identified in the indictment are contrary to those shown in the presentence investigation report. The argument is specious. The response by the United States correctly shows that Thrift's argument is based on a misrepresentation of the prior convictions stated in both the indictment and the presentence investigation report.

Ground One (C):

Thrift alleges that trial counsel was ineffective for failing to challenge the use of a prior conviction for burglary as a predicate offense for application of the ACCA. Thrift argues that based on *Taylor v. United States*, 495 U.S. 575 (1989), his 1978 Florida burglary conviction did not qualify as a predicate offense because the statute in effect at the time did not meet the definition of "generic" burglary as required by *Taylor*. The United States does not contest that the Florida burglary statute did not meet the "generic" burglary requirement because the statute included unlawful entry into a conveyance in addition to a structure. However, the United States correctly argues that *Taylor* authorizes an alternative means for showing that the burglary conviction qualifies as a predicate offense.

> We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.

*Taylor v. United States*, 495 U.S. at 602.

Even if one assumes that counsel's failure to challenge the government's use of the predicate offense was deficient performance, Thrift has not shown that counsel's performance was prejudicial. Thrift does not contend that the 1978 burglary conviction did not involve a residence, and he has not presented any evidence to show that the 1978 burglary conviction did not meet the definition of a "generic" burglary. In fact, the presentence investigation report and the transcript of the sentencing hearing show otherwise. The report shows that the 1978 burglary conviction is based on the illegal entry into three separate residences. Presentence Investigation Report ¶ 34 at 6. At the sentencing hearing, defense counsel attempted to minimize the gravity of the burglary conviction, stating:

> Secondly, Your Honor, going back to the burglary charges that took place when he was 17 years old, we'd point out that he was involved with two other young men in one situation, three other young men in another situation, where they did a series of residential burglaries and took small amounts of property worth in this case $35.70 and about a hundred dollars. And, once again, I would point this out to the court, not to minimize the residential burglaries, but to show the relative lack of seriousness of it. And of course it was so remote; that was 20 years ago.

Transcript of Sentencing Proceedings at 8 (Doc. 107). Thrift has not shown any prejudice, and as a consequence, he has not met his burden of proving ineffective assistance of counsel.

<u>Ground One (D)</u>:

Thrift alleges that appellate counsel was ineffective for failing to challenge this court's rejection of the magistrate judge's report and recommendation, specifically, that this court could not reject the magistrate judge's findings, made following an evidentiary

hearing, without this court conducting a second evidentiary hearing. Thrift has not shown that he was denied the effective assistance of counsel.

The *Strickland* standard for determining ineffective assistance of trial counsel applies equally to claims of ineffective assistance of appellate counsel. The deficient performance prong is not established simply because appellate counsel did not raise a particular issue on appeal. Counsel need not raise every nonfrivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). Indeed, the process of winnowing out weaker claims on appeal and focusing on those more likely to prevail is the hallmark of effective appellate advocacy.

> It is difficult to win a *Strickland* claim on the grounds that appellate counsel pressed the wrong legal arguments where the arguments actually pursued were reasonable in the circumstances. We have emphasized that even in a death penalty case, counsel must be "highly selective about the issues to be argued on appeal. . . ." *United States v. Battle*, 163 F.3d 1, 1 (11th Cir.1998). The district court, having considered the record and Mays's testimony during the state post-conviction proceeding, found that Mays had carefully considered many of the claims now raised in appeal, but ultimately chose to pursue the claims he felt were most likely to prevail and winnow out the arguments he thought were less persuasive.

*Johnson v. Alabama*,256 F.3d 1156, 1188 (11th Cir. 2001), *cert. denied* 535 U.S. 926 (2002).

For appellate counsel to have raised the claim Thrift now advances would have been fruitless. Thrift's reliance on *Cullen v. United States*, 194 F.3d 401 (2nd Cir. 1999), is misplaced. That case stands for the proposition that a district court judge must conduct a second evidentiary hearing before rejecting a magistrate judge's credibility determinations. This court did not reject the magistrate judge's credibility determinations, but instead disagreed with the legal conclusions he reached after

applying the determined facts to the law. "The facts are found in detail in the magistrate judge's report. However, consequent upon more detailed consideration of the magistrate judge's legal conclusions, I find the recommendation contrary to law. . . ." Order at 1 (Doc. 76). Appellate counsel's performance was not, therefore, deficient and prejudicial. Consequently, Thrift has not met his burden of proving ineffective assistance of counsel.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 150) is **DENIED**. The clerk shall enter a judgment against Thrift and close the associated civil action.

ORDERED in Tampa, Florida, on November 14, 2005.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

SA/ro